IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| BEEHIVE TELEPHONE CO., INC., a Utah corporation, and BEEHIVE TELEPHONE CO. OF NEVADA, INC., a Nevada corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>SPRINT COMMUNICATIONS COMPANY, L.P., a Delaware limited partnership,<br><br>    Defendant. | **MEMORANDUM OPINION AND ORDER**<br><br>Case No. 2:08-CV-00380<br><br>Judge Dee Benson |

This matter is before the court on defendant Sprint Communications Company L.P.'s motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss this action for lack of subject matter jurisdiction. (Dkt. No. 25.) A hearing on the motion was held on October 6, 2009. At the hearing, Sprint was represented by Marc A. Goldman and Paul C. Drecksel. Plaintiffs, Beehive Telephone Co., Inc. and Beehive Telephone Co. of Nevada, Inc. (collectively "Beehive") were represented by Alan L. Smith. At the conclusion of the hearing the court announced that it was inclined to grant Sprint's motion. Now, consistent with that preliminary view, and having taken the motion under advisement, the court has further considered the law and facts relating to the motion and renders the following Memorandum Opinion and Order.

## Background

Beehive is an incumbent local exchange carrier ("ILEC") as defined by § 251(h)(1) of the Communications Act of 1934, as amended ("Act"), 47 U.S.C. § 251(h)(1). Sprint is a long-distance or interexchange carrier ("IXC") that owns and controls a nationwide network. As a

general matter, Sprint does not own local facilities that physically connect to Sprint's local phone customers in Beehive's service area.  Therefore, Sprint purchases "access services" from Beehive to obtain access to local customers.  Beginning in October 2007, Sprint began withholding payment from Beehive for access services because Sprint believed Beehive was engaged in traffic pumping schemes with various companies to collect unlawful charges.[1]

On March 21, 2008, pursuant to section 1.716 of the Federal Communications Commission's ("FCC") rules, 47 C.F.R. § 1.716, Beehive filed an "informal complaint" at the FCC against Sprint.  (*See* Goldman Decl. in Support of Mot. to Dismiss Ex. 1 at 4.)  Beehive requested that the FCC investigate Sprint's practice of refusing to pay Beehive billed access charges as a form of "self help" in connection with its claim that the charges were the product of traffic pumping.  (*See id*.)  Furthermore, Beehive requested a declaratory ruling from the FCC that Sprint violated §201(b) of the Act and was "obligated to pay Beehive's billed access charges and late payment penalties."  (*See id*.)

With Beehive's informal complaint still before the FCC, Beehive filed a complaint in this court seeking damages.  In the complaint, Beehive stated that its action was based on Sprint's ongoing refusal to pay Beehive charges for access services used by Sprint's customers.  (*See* Compl. ¶ 6.)  Beehive also stated that it was authorized by § 207 of the Act to seek a judgment from this court for the amount due and owing from Sprint.  (*See* Compl. ¶ 17.)

Subsequently, the FCC entertained Beehive's informal complaint, but made no ruling. (*See* Goldman Decl. in Support of Mot. to Dismiss Ex. 4 at 59.)  Instead, the FCC recommended

---

[1] Sprint's alleged "traffic pumping" is essentially a scheme where an ILEC partners with other entities to artificially inflate call traffic in order to increase access service charges.

no further action and notified Beehive that it was permitted to file a formal complaint if unsatisfied by the FCC's disposition of the informal complaint. (*See id.*)

On July 31, 2009, Sprint filed a motion to dismiss claiming that § 207 contains an election of remedies provision which barred Beehive from filing a subsequent claim for relief in this court. Beehive asserts that § 207 does not bar Beehive from proceeding before this court for essentially two reasons.[2] First, Beehive argues that § 207 only operates as a bar where a party seeks damages before both the FCC and in court. Second, Beehive argues that § 207 does not bar the present action because the FCC lacked jurisdiction to hear Beehive's complaint.

## Discussion

The United States Court of Appeals for the Tenth Circuit has recognized that § 207 is a clear "election-of remedies provision." *See TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1244 (10th Cir. 2007). Section 207 provides that:

> Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may *either* make complaint to the Commission as hereinafter provided for, *or* may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction, but *such person shall not have the right to pursue both such remedies*.

47 U.S.C. § 207 (emphasis added). This court concurs with the Fifth Circuit in that "the language of the statute is unambiguous: A complainant can file a complaint either with the FCC or in federal district court, but not in both." *See Stiles v. GTE Southwest Inc.*, 128 F.3d 904, 907 (5th

---

[2]Beehive also argued that it did not make an election under § 207 because it named the wrong party in its FCC informal complaint. Beehive named Sprint Nextel Corporation in its informal complaint with the FCC as opposed to the named defendant Sprint Communications Company L.P. Despite the difference in name, the record is clear that the appropriate party received notice of Beehive's FCC complaint and responded with a vigorous defense. It would be form over substance to conclude that by designating Sprint Nextel Corporation instead of Sprint Communications Company Beehive could escape the jurisdictional bar of § 207.

Cir. 1997). Moreover, courts have consistently held that filing an informal complaint at the FCC precludes a party from filing suit in federal court on claims arising from the same issues. *See Premiere Network Servs., Inc. v. SBC Commnc'ns, Inc.*, 440 F.3d 683, 687-88 (5th Cir. 2006) (dismissing federal claims under § 207 with issues raised in FCC informal complaint); *Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187, 190 (2d Cir. 2001) (concluding that a party that has filed an informal complaint with the FCC may not also sue in district court); *Mexiport, Inc. v. Frontier Commnc'ns Servs., Inc.*, 253 F.3d 573, 575 (11th Cir. 2001) (holding that appellant could not file in federal court after having filed an informal complaint with the FCC). In the instant case, it is clear that Beehive filed complaints at the FCC and in this court based on the same issues, Sprint's refusal to pay access service charges.

### 1. Request for Declaratory Relief

Beehive's claim that it did not make an election under § 207 because it only sought declaratory relief in its informal complaint with the FCC is unpersuasive. Beehive offers no judicial precedent in support of this assertion, nor has the court found any. Furthermore, this assertion is inconsistent with the plain meaning of the statute. Statutory interpretation begins with an analysis of the plain language. *See United States v. Saenz-Gomez*, 472 F.3d 791, 793 (10th Cir. 2007) (*citing United States v. Jackson*, 248 F.3d 1028, 1030 (10th Cir. 2001), *cert denied* 534 U.S. 929 (2001)). If the statute's text evinces an unmistakable plain meaning, the analysis ordinarily ends. *Id.* The statutory language of § 207 provides in pertinent part that a person "may either make complaint to the Commission . . . or may bring suit for the recovery of the damages . . . in any district court." 47 U.S.C. § 207. The statute does not require a person to request damages at the FCC, and this court will not read such a requirement into it. If a party could avoid the election of remedies provision in § 207 simply by styling its FCC complaint as one for declaratory

relief, § 207 would be rendered meaningless. Parties could always pursue simultaneous actions at the FCC and in court by styling the FCC action as a declaratory action on the same issues raised in court. In light of the plain meaning of the statute, the court finds Beehive's argument without merit.

### 2. FCC's Lack of Jurisdiction

Beehive's second argument is that Beehive never made an "election" within the meaning of § 207 because the FCC was without jurisdiction over its complaint. This is a remarkable assertion from a party who repeatedly and categorically argued in its FCC complaint that the FCC possessed jurisdiction to resolve its claim against Sprint. Furthermore, the FCC never ruled on the issue of jurisdiction and actually even suggested that it has jurisdiction when it invited Beehive to file a formal complaint. Regardless, there is nothing in the record to suggest that the FCC determined that it lacked jurisdiction over Beehive's complaint against Sprint. As a result, it would be inappropriate and premature for this court to consider how the FCC's possible lack of jurisdiction over a claim may affect the operation of § 207 in the instant case.

### Conclusion

For the foregoing reasons, the court finds that § 207 bars Beehive from proceeding with its claim in this court. Accordingly, Sprint's motion to dismiss is granted.[3] Beehive's complaint is dismissed without prejudice, each party to bear its own costs.

IT IS SO ORDERED.

DATED this 13th day of October, 2009.

Dee Benson
United States District Judge

---

[3] This order is subject to Beehive's counsel having the right to file a motion for leave to amend complaint asserting an alternative jurisdictional basis by October 21, 2009.