IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| BEEHIVE TELEPHONE CO., INC., a Utah corporation, and BEEHIVE TELEPHONE CO. OF NEVADA, INC., a Nevada corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>SPRINT COMMUNICATIONS COMPANY, L.P., a Delaware limited partnership,<br><br>    Defendant. | **ORDER**<br><br>Case No. 2:08-CV-00380<br><br>Judge Dee Benson |

The matter presently before the court is plaintiffs Beehive Telephone, Inc. and Beehive Telephone Co. of Nevada, Inc.'s (collectively "Beehive") motion for leave to amend complaint (Dkt. No. 51) and motion to amend, or provide relief from, order of dismissal (Dkt. No. 54). This court granted defendant Sprint Communications Company, L.P.'s ("Sprint") motion to dismiss Beehive's complaint for lack of subject matter jurisdiction on October 13, 2009. On October 21st and 27th, Beehive filed the instant motions.

**1. Motion for Leave to Amend Complaint**

Beehive has moved the court to add averments to Beehive's complaint to support an "additional ground" for subject-matter jurisdiction, namely diversity jurisdiction.[1] Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint shall be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). Nevertheless, a district court may

---

[1]The court's October 13, 2009 memorandum opinion and order ("October 13 order") granted Beehive's counsel the right to file a motion for leave to amend complaint asserting an alternative jurisdictional basis. (*See* October 13 order, at 5 n.3.)

refuse to allow amendment if it would be futile. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) (quoting *Bradley v. J.E. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)). Here, the court's October 13 order dismissed Beehive's complaint under § 207 of the Communications Act of 1934 ("Act") because Beehive filed a complaint at the FCC and then in this court based on the same issues. (*See* October 13 order, at 4.) The United States Court of Appeals for the Tenth Circuit has recognized that § 207 is a clear "election-of-remedies provision" such that "once an election is made by either filing a complaint with the FCC or filing a complaint in federal court, a party may not thereafter file a complaint on the same issues in the alternative forum." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1244 (10th Cir. 2007) (citation omitted). Section 207 is not predicated on the particular jurisdictional grounds a plaintiff asserts. Beehive's proposed amendments would be futile because asserting diversity jurisdiction would not avoid the court's dismissal of Beehive's complaint. Therefore, Beehive's motion for leave to amend complaint is denied.

**2. Motion to Amend, or Provide Relief From, Order of Dismissal**

    a. <u>Motion to Amend October 13 Order</u>

Beehive's motion to amend asserts four grounds to alter the court's October 13 order: (1) section 207 only confers jurisdiction over suits for damages caused by carrier violations of the act; (2) Beehive's complaint was subject exclusively to the court's original jurisdiction under 28 U.S.C. §§ 1331 and 1337(a)[2]; (3) Beehive's claim for unpaid tariffed charges was not subject to a

---

[2]Beehive presents this ground for reconsideration as independent of § 207. However, this argument is actually that § 207 is inapplicable because Beehive's complaint never invoked § 207. (*See* Dkt. No. 54-2, at 3-4.) The court finds this argument unpersuasive and untimely. Beehive's

§ 207 election of remedies; and (4) Beehive did not make duplicative claims or pursue the same remedy before the FCC and this court.

The court construes Beehive's motion to amend as a motion to reconsider. *See In re Unioil, Inc.*, 962 F.2d 988, 994 (10th Cir. 1992) (stating that prior to the entry of a final judgment, the district court retains the discretion to reconsider and revise interlocutory orders). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981). Reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised prior to briefing." *Servants*, 204 F.3d at 1012. Moreover, "[a] motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision." *SCO Group, Inc. v. Novell, Inc.*, No. 2:04-CV-139, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007).

Applying these principles, the court finds no bases for altering or amending the October 13 order. As in Beehive's memoranda in opposition to Sprint's motion to dismiss and at the hearing, Beehive's asserted grounds for reconsideration pertain to the applicability of § 207 to Beehive's claim. These grounds relate to issues already addressed by the court and/or contain arguments that should have been raised prior to the court's October 13 order. Therefore, Beehive's motion to amend the court's October 13 order is denied.

---

informal complaint before the FCC, its instant complaint, and memoranda submitted to the court assert violations of the Act and Sprint's liability under § 207.

### b. Motion to Provide Relief From October 13 Order

In the alternative, Beehive asks the court to either: (1) stay its order of dismissal and refer the question of whether the FCC has jurisdiction over Beehive's complaint for its unpaid NECA 5 charges to that agency under the primary jurisdiction doctrine; or (2) direct final entry of a final judgment dismissing Beehive's complaint for lack of subject matter jurisdiction under Rule 54(b) of the Federal Rules of Civil Procedure.

First, the court denies Beehive's request to stay the October 13 order and refer the question of whether the FCC has jurisdiction over Beehive's complaint for its unpaid NECA 5 charges to the FCC. The court recognizes and has rejected Beehive's position that § 207 distinguishes between a declaratory action and a request for damages. The application of § 207 depends on whether Beehive filed complaints at the FCC and in this court based on the same issues, that is, Sprint's refusal to pay access service charges. (*See* October 13 order, at 4.) Thus, the specific question of whether the FCC has jurisdiction over Beehive's instant complaint for unpaid NECA 5 charges is extraneous. Accordingly, the court declines to stay the October 13 order.

Second, the court denies Beehive's request to direct final entry of a final judgment on Beehive's claim. Under Rule 54(b), this court has discretion to enter a final judgment on Beehive's claim dismissed by the October 13 memorandum and order. *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1989). Rule 54(b) provides in part:

> The court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). The Tenth Circuit has cautioned that "Rule 54(b) entries are not to be made routinely." *Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001)

(citation omitted). District courts "should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all of the claims will create undue hardships." *Gas-A-Car, Inc. v. American Petrofina, Inc.*, 484 F.2d 1102, 1105 (10th Cir. 1973). Here, Beehive has not provided support for a finding that there is no just reason for delay until the court has conclusively ruled on all claims. Thus, the court declines to direct final entry of a final judgment on Beehive's claim.

## CONCLUSION

For the foregoing reasons, the court DENIES both Beehive's motion for leave to amend complaint and motion to amend, or provide relief from, order of dismissal.

IT IS SO ORDERED.

DATED this 20th day of January, 2010.

Dee Benson
United States District Judge